SECOND DEPARTMENT, DECEMBER, 2005

(December 5, 2005)

■ RAFAEL ABRAMOV, Respondent, v MIRAL CORP. et al., Appellants. [805 NYS2d 119]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Harkavy, J.), dated December 1, 2004, which granted the plaintiff's motion for partial summary judgment on the issue of liability.

Ordered that the order is affirmed, with costs.

The plaintiff, Rafael Abramov, was crossing a street when he was struck by a vehicle driven by the defendant Yakov Rakh-

man, in an intersection in Brooklyn. The plaintiff established his prima facie entitlement to summary judgment by presenting proof that he was walking within a crosswalk when he was struck by the defendants' vehicle and that he had looked for approaching traffic before he began to cross (*see* Vehicle and Traffic Law § 1151 [a]; *Zabusky v Cochran*, 234 AD2d 542 [1996]; *Jermin v APA Truck Leasing Co.*, 237 AD2d 255 [1997]). Contrary to the defendants' contention, the Supreme Court properly considered the police accident report which contained Rakhman's admission immediately following the accident that he had observed the pedestrian in the intersection but was unable to stop in time (*see Grange v Jacobs*, 11 AD3d 582 [2004]; *Guevara v Zaharakis*, 303 AD2d 555 [2003]).

In opposition, the defendants failed to raise a triable issue of fact. We find Rakhman's affidavit, in which he attested that the accident occurred in the middle of the block and that it was caused when the plaintiff walked into the side of his vehicle, to be a belated attempt to avoid the consequences of his earlier admission by raising a feigned issue which was insufficient to defeat the motion (*see id.; Fontana v Fortunoff*, 246 AD2d 626 [1998]). Moreover, the defendants' purported need to conduct discovery did not warrant denial of the motion since they already had personal knowledge of the relevant facts (*see Niyazov v Bradford*, 13 AD3d 501, 502 [2004]). Adams, J.P., S. Miller, Ritter and Lifson, JJ., concur.