■ MICHAEL HOEY et al., Respondents, v CITY OF NEW YORK, Defendant, and NEW YORK CITY TRANSIT AUTHORITY et al., Appellants. [813 NYS2d 533]—

In an action to recover damages for personal injuries, etc., the defendants New York City Transit Authority and Robert Von Bevern appeal, as limited by their brief, from so much of an order of the Supreme Court, Richmond County (Vitaliano, J.), dated June 10, 2005, as granted those branches of the plaintiffs' motion which were for summary judgment on the issue of liability against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff Michael Hoey (hereinafter the injured plaintiff) was struck by a bus owned by the defendant New York City Transit Authority, and operated by the defendant Robert Von Bevern (hereinafter collectively the defendants), while he was crossing the street in a crosswalk, with the pedestrian traffic signal in his favor. The appellants acknowledge that the injured plaintiff was in the crosswalk and had the right of way, but argue that triable issues of fact exist as to whether the injured plaintiff was comparatively negligent (*see Thoma v Ronai*, 189 AD2d 635 [1993], *affd* 82 NY2d 736 [1993]).

We agree with the Supreme Court that the injured plaintiff established his entitlement to summary judgment on the issue of liability against the appellants. The injured plaintiff's deposition testimony that, at the time of the accident he was looking straight ahead, observing vehicles making right-hand turns onto the street he was crossing, was corroborated by the deposition testimony of a nonparty witness to the accident. This explanation for not having seen the bus before it struck the injured plaintiff was sufficient to establish a lack of carelessness on his part, and thus, established his entitlement to summary judgment on the issue of liability against the appellants (*see Zabusky v Cochran*, 234 AD2d 542 [1996]). In opposition, the

appellants failed to raise a triable issue of fact. Adams, J.P., Ritter, Mastro and Skelos, JJ., concur.