■ Alisher Imamkhodjaev et al., Respondents, v N. Kartvelishvili, Appellant. [843 NYS2d 160]—

In an action, inter alia, to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Bunyan, J.), dated March 7, 2007, which granted the plaintiffs' motion for summary judgment on the issue of liability.

Ordered that the order is reversed, on the law, with costs, and the motion is denied.

This action arose from a collision between a vehicle operated by the defendant and a vehicle operated by the plaintiff Alisher Imamkhodjaev, in which the plaintiff Yana Khabinskaya was a passenger. In support of their motion for summary judgment on the issue of liability, the plaintiffs submitted, inter alia, an affidavit in which Imamkhodjaev averred that he was stopped at a red light when the defendant "suddenly and unexpectedly backed up into [Imamkhodjaev's] vehicle," causing the rear of the defendant's vehicle to collide with the front of Imamkhodjaev's vehicle. The plaintiffs also submitted a police accident report which contained a handwritten notation indicating that the defendant "states he was backing up [and] he didn't see [vehicle] #1." In opposition to the plaintiffs' motion, the defendant submitted an affidavit in which he averred that, at the time of the accident, he was stopped at a red light when his vehicle was struck in the rear by Imamkhodjaev's vehicle. The defendant denied that he backed into Imamkhodjaev's vehicle, and further averred that "at no time did I ever tell the police that I had backed into the plaintiff Imamkhodjaev's car." The Supreme Court, concluding that the defendant's affidavit constituted a belated attempt to avoid the consequences of an earlier admission, granted the plaintiffs' motion for summary judgment on the issue of liability. We reverse.

In granting the plaintiffs' motion, the Supreme Court relied upon this Court's decision in *Abramov v Miral Corp.* (24 AD3d 397 [2005]). In that case, the version of the relevant events set forth in the defendant's affidavit opposing the plaintiff's motion for summary judgment contradicted a statement which, according to a police accident report, the defendant made at the scene of the accident. This Court held that the defendant's affidavit raised only a feigned issue of fact, intended solely to avoid the consequences of his earlier admission, and thus was insufficient to defeat the plaintiff's motion.

In *Abramov,* the defendant did not dispute the fact that he had made the admission attributed to him in the police report. In the present case, by contrast, the defendant has denied making the statement reflected in the police report, i.e., that he backed into Imamkhodjaev's vehicle. The credibility of the defendant's assertion that he did not make the statement attributed to him is for a jury to determine; it is not incredible as a matter of law (*see Ramos v Rojas,* 37 AD3d 291 [2007]). Accordingly, the defendant raised a triable issue of fact, precluding summary judgment on the issue of his liability (*see Card v Brown,* 43 AD3d 594 [2007]; *Ramos v Rojas,* 37 AD3d 291 [2007]). Prudenti, P.J., Santucci, Fisher and Angiolillo, JJ., concur.