■ VSEVOLD ROSENBLATT, Respondent, v MICHAEL VENIZELOS et al., Appellants. [853 NYS2d 578]—

In 2005, the plaintiff was crossing a street when he was struck by a vehicle owned by the defendant W.D. Rental, Inc., and driven by the defendant Michael Venizelos. The plaintiff established his prima facie entitlement to summary judgment on the issue of liability by presenting proof that he was walking within a crosswalk and that he had looked for approaching traffic before he began to cross (*see* Vehicle and Traffic Law § 1151 [a]; *Hoey v City of New York*, 28 AD3d 717 [2006]; *Zabusky v Cochran*, 234 AD2d 542 [1996]). In addition, the plaintiff submitted the police accident report, containing Venizelos' admission immediately following the accident that his car had struck the plaintiff (*see Abramov v Miral Corp.*, 24 AD3d 397, 398 [2005]; *Jermin v APA Truck Leasing Co.*, 237 AD2d 255 [1997]).

The only admissible evidence which the defendants submitted in opposition to the motion, Venizelos' affidavit sworn to July 11, 2006, more than 15 months after the accident, failed to raise a triable issue of fact. The affidavit, in which Venizelos attested that the plaintiff walked into the side of his vehicle while talking on a cell phone, "heedless of traffic," was a belated attempt by Venizelos to avoid the consequences of his earlier admission by raising a feigned issue which was insufficient to defeat the motion (*see Abramov v Miral Corp.*, 24 AD3d at 398), particularly since he did not deny the accuracy of the police accident report (*cf. Imamkhodjaev v Kartvelishvili*, 44 AD3d 619, 620 [2007]). Moreover, " 'the defendants' purported need to conduct discovery did not warrant denial of the motion since they already had personal knowledge of the relevant facts' " (*Fenko v Mealing*, 43 AD3d 856, 856 [2007], quoting *Abramov v Miral Corp.*, 24 AD3d at 398). Spolzino, J.P., Santucci, Angiolillo and Balkin, JJ., concur.