YAKUBU E. SULAIMAN et al., Respondents, v CARSON C. THOMAS, Appellant. [863 NYS2d 723]—

In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Kings County (F. Rivera, J.), dated May 4, 2007, which granted the plaintiffs' motion for summary judgment on the issue of liability.

Ordered that the order is affirmed, with costs.

While the defendant correctly contends that the Supreme Court erred in applying Vehicle and Traffic Law § 1146 to this case, rather than the provisions of the Rules of the City of New York, we nonetheless conclude that the Supreme Court properly granted the plaintiffs' motion for summary judgment on the issue of liability. In an affidavit submitted in support of the plaintiffs' motion for summary judgment on the issue of liability, the injured plaintiff stated that he was walking southbound on Euclid Avenue in Brooklyn, crossing Sutter Avenue in a crosswalk, with a green signal, when he was struck by a vehicle driven by the defendant. The defendant was traveling northbound on Euclid Avenue, and made a "sudden and abrupt turn" into the crosswalk on Sutter Avenue, leaving the injured plaintiff no time to react. Furthermore, the police report concerning the accident contains the defendant's statement that he was making a right turn into the intersection and he did not see the injured plaintiff because of another car turning left from Euclid Avenue onto Sutter Avenue. Accordingly, the plaintiffs made a prima facie showing of entitlement to judgment as a matter of law (see 34 RCNY 4-03 [a] [1] [i]; 4-04 [d]; *Rosenblatt v Venizelos*, 49 AD3d 519 [2008]; *Beamud v Gray*, 45 AD3d 257 [2007]; *Abramov v Miral Corp.*, 24 AD3d 397 [2005]; see generally *Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]).

In his opposing affidavit, the defendant stated, inter alia, that as he made his right turn onto Sutter Avenue, the intersection and crosswalk were free of pedestrians. As he cleared the intersection, he saw several pedestrians standing on the sidewalk to his right shouting and pointing to the right side of his vehicle. He stopped, exited his vehicle, and only then saw the injured plaintiff lying on the road next to his vehicle. The defendant argued that the injured plaintiff's negligence was the sole cause of the accident, and that he had stepped off the sidewalk and walked into the right side of the defendant's vehicle "approximately" three feet east of the crosswalk. The defendant failed to raise a triable issue of fact in opposition to the plaintiffs' prima facie showing (see *Beamud v Gray*, 45 AD3d 257 [2007]; *Abramov v Miral Corp.*, 24 AD3d 397, 398 [2005]). His affidavit makes clear that he did not see the injured plaintiff prior to striking him. The defendant also contended that the injured plaintiff was comparatively negligent. However, the defendant's unsupported speculation that the injured plaintiff was comparatively negligent was insufficient to raise a triable issue of fact (see *Beamud v Gray*, 45 AD3d 257 [2007]).

The defendant's remaining contentions are without merit. Ritter, J.P., Miller, Dillon and McCarthy, JJ., concur.