■ LESLIE KAREN LARIVIERE, Appellant-Respondent, v NEW YORK CITY TRANSIT AUTHORITY, Respondent-Appellant, et al., Defendants. [920 NYS2d 231]—

The plaintiff pedestrian was crossing the street within a crosswalk with the traffic light and pedestrian crossing signal in her favor when she was struck by a bus operated by the defendant New York City Transit Authority (hereinafter the NYCTA), as it was making a left turn. The NYCTA did not deny that the plaintiff was within the crosswalk and had the traffic and pedestrian signals in her favor at the time of the accident. The evidence submitted by the plaintiff established that, as a matter of law, the defendant driver violated Traffic Rules and Regulations of City of New York (34 RCNY) § 4-03 (a) (1) (i) and that the plaintiff was free from comparative fault (*see Klee v Americas Best Bottling Co., Inc.*, 60 AD3d 911 [2009]; *Voskin v Lemel*, 52 AD3d 503 [2008]; *Hoey v City of New York*, 28 AD3d 717 [2006]; *cf. Cator v Filipe*, 47 AD3d 664 [2008]). In opposition, the NYCTA failed to raise a triable issue of fact. Accordingly, that branch of the plaintiff's motion which was for summary judgment on the issue of liability was properly granted.

The Supreme Court should have granted those branches of the plaintiff's motion which were for leave to amend her notice of claim and complaint, respectively, to assert a derivative cause of action to recover for loss of services on behalf of her husband, nonparty John David Lariviere. The plaintiff sought leave to amend her notice of claim in order to supply an omission (*see* General Municipal Law § 50-e [6]). The proposed amendment sought to add a derivative claim predicated upon the same facts which had already been included in the plaintiff's notice of

claim and her testimony at the General Municipal Law § 50-h hearing, which was held about seven weeks after the accident. Therefore, the NYCTA had been duly and timely notified (*see Burgarella v City of New York*, 265 AD2d 361 [1999]). Under the circumstances of this case, since there can be no possible prejudice to the NYCTA, that branch of the motion which was for leave to amend the notice of claim should have been granted.

Further, that branch of the plaintiff's motion which was for leave to amend the complaint pursuant to CPLR 3025 (b) should have also been granted. "Leave to amend should be freely given absent prejudice or surprise" (*Rosicki, Rosicki & Assoc., P.C. v Cochems*, 59 AD3d 512, 514 [2009]). The proposed amendment, which relates to the derivative claim, was neither palpably insufficient nor patently devoid of merit, and there was no evidence that the amendment would prejudice or surprise the NYCTA (*see Sanatass v Town of N. Hempstead*, 64 AD3d 695 [2009]; *Zorn v Gilbert*, 60 AD3d 850 [2009]).

The NYCTA's remaining contention is without merit. Angiolillo, J.P., Florio, Leventhal and Miller, JJ., concur.