■ Veronica Ricci, Respondent, v Jason H. Lo et al., Appellants. [942 NYS2d 644]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Solomon, J.), dated March 10, 2011, which granted the plaintiff's motion for summary judgment on the issue of liability.

Ordered that the order is affirmed, with costs.

The plaintiff, who was struck by a vehicle driven by the defendant Jason H. Lo (hereinafter the defendant driver) in the cross walk as she was crossing Flatbush Avenue in Brooklyn with the light in her favor, established, prima facie, that the defendants were liable for her injuries and that she was free from comparative fault (*see Lariviere v New York City Tr. Auth.*, 82 AD3d 1165, 1166 [2011]; *Klee v Americas Best Bottling Co., Inc.*, 60 AD3d 911 [2009]; *Hoey v City of New York*, 28 AD3d 717 [2006]).

In opposition, the defendants failed to raise a triable issue of fact. The defendant driver's statement in his affidavit that the plaintiff ran in front of his vehicle in an apparent attempt to beat the oncoming traffic and cross Flatbush Avenue contradicted his admissions immediately following the accident, as reflected in a police accident report and an affidavit of a nonparty witness, to the effect that he did not see the plaintiff before he hit her with his vehicle. The defendant driver did not deny making the earlier admissions (*cf. Imamkhodjaev v Kartvelishvili*, 44 AD3d 619, 620 [2007]), and we conclude that the affidavit was a belated attempt to avoid the consequences of his earlier admissions by raising a feigned issue of fact which was insufficient to defeat the motion (*see Rosenblatt v Venizelos*, 49 AD3d 519, 520 [2008]; *Nieves v JHH Transp., LLC*, 40 AD3d 1060 [2007]; *Abramov v Miral Corp.*, 24 AD3d 397, 398 [2005]).

The defendants' remaining contentions are without merit.

Accordingly, the Supreme Court properly granted the plaintiff's motion for summary judgment on the issue of liability. Angiolillo, J.P., Belen, Lott and Miller, JJ., concur.