■ CAROL PIEPER, Appellant, v MD A. HUSSEIN et al., Respondents. [957 NYS2d 877]—

In an action to recover damages for personal injuries, the plaintiff appeals (1), as limited by her brief, from so much of an order of the Supreme Court, Kings County (Schack, J.), dated November 14, 2011, as denied that branch of her motion which was for summary judgment on the issue of liability and (2), as

limited by her brief, from so much of an order of the same court dated April 23, 2012, as, upon renewal and reargument, adhered to the original determination.

Ordered that the appeal from the order dated November 14, 2011, is dismissed, as that order was superseded by the order dated April 23, 2012, made upon renewal and reargument; and it is further,

Ordered that the order dated April 23, 2012, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendants.

The plaintiff was crossing a street, in the crosswalk, with the traffic light in her favor, when she was struck by a taxicab which was in the process of making a right turn. The taxicab was driven by the defendant Md A. Hussein and owned by the defendant Tulip Trans. Corp.

After commencing this action against the defendants to recover damages for her injuries, the plaintiff moved, inter alia, for summary judgment on the issue of liability. The Supreme Court denied that branch of the plaintiff's motion which was for summary judgment, finding that there was a triable issue of fact. The plaintiff moved for leave to renew and reargue the aforementioned branch of her prior motion. Upon granting leave to renew and reargue, the Supreme Court adhered to its original determination.

Contrary to the plaintiff's contention, the Supreme Court, upon renewal and reargument, properly adhered to its original determination denying that branch of her motion which was for summary judgment on the issue of liability. While the plaintiff made a prima facie showing of her entitlement to judgment as a matter of law by submitting evidence that the defendant failed to yield the right-of-way to her, that she saw the taxicab stopped before she began to cross the street, and that she was free from comparative fault (*see* Vehicle and Traffic Law § 1151 [a]; *Hamilton v King Tung Kong*, 93 AD3d 821, 822 [2012]; *Sulaiman v Thomas*, 54 AD3d 751, 752 [2008]; *Rosenblatt v Venizelos*, 49 AD3d 519, 520 [2008]; *Hoey v City of New York*, 28 AD3d 717 [2006]; *Abramov v Miral Corp.*, 24 AD3d 397 [2005]), in opposition, the defendants raised a triable issue of fact as to the plaintiff's comparative fault (*see Azeem v Cava*, 92 AD3d 821 [2012]; *Yi Min Feng v Jin Won Oh*, 71 AD3d 879 [2010]; *see also Thoma v Ronai*, 82 NY2d 736 [1993]; *Kaminsky v M.T.A. N.Y. City Tr. Auth.*, 79 AD3d 411 [2010]).

Accordingly, upon renewal and reargument, the Supreme Court properly adhered to its original determination denying

that branch of the plaintiff's motion which was for summary judgment on the issue of liability. Angiolillo, J.P., Dickerson, Hall and Austin, JJ., concur.