■ KRIS BROWN, Appellant, v WILLIAM PINKETT, Respondent. [973 NYS2d 776]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Rothenberg, J.), entered August 8, 2012, which denied that branch of his motion which was for summary judgment on the issue of liability.

Ordered that the order is affirmed, with costs.

The plaintiff alleges that he was crossing an intersection in Brooklyn within the crosswalk and with the pedestrian crossing signal in his favor, when he was struck by the defendant's vehicle as it turned left into the intersection, causing him to sustain personal injuries. After issue was joined, the plaintiff moved for summary judgment on the issue of liability, offering proof that he was crossing the intersection within the crosswalk while the crossing signal displayed the walk icon, and was approximately halfway across the intersection when he was struck by the defendant's vehicle as it turned left into the intersection. The proof submitted by the plaintiff, including the plaintiff's affidavit, the affidavit of an eyewitness, and a certified copy of the police accident report, containing the defendant's alleged admission to the effect that he did not see the plaintiff walking "in the intersection," were sufficient to establish his prima facie entitlement to judgment as a matter of law on the issue of liability (*see Moreira v M.K. Travel & Transp., Inc.*, 106 AD3d 965 [2013]; *Ricci v Lo*, 95 AD3d 859 [2012]; *Cuevas v Chavez*, 94 AD3d 803 [2012]; *Hamilton v King Tung Kong*, 93 AD3d 821 [2012]).

In opposition to the plaintiff's motion, the defendant submit-

ted an affidavit in which he averred that, at the time of the accident, he was actually one or two car lengths beyond the subject intersection when the plaintiff stepped in front of his vehicle. The defendant contends that the plaintiff was far beyond the intersection when the defendant saw the plaintiff holding his hand up, seemingly to stop the defendant's car. Based on the uniform worn by the plaintiff, the defendant believed the plaintiff to be a police officer. The defendant averred that he stopped his car and remained in it, while the plaintiff thereafter proceeded to kneel down on one knee, and then the other, before laying down on the ground in front of the car. The defendant alleged that, after an ambulance and the police were called, he observed the plaintiff get up from the ground and sit on the curb at the corner of the street, at which time the plaintiff used his cell phone. The defendant also averred that he remained at the scene until the police and ambulance arrived, and gave a statement to the responding officers, which included his acknowledgment that he did not see the plaintiff within the crosswalk. This statement was given after the defendant was informed by the responding officers that the plaintiff claimed that he had been hit by the defendant's car while crossing the street within the crosswalk. The defendant contends that the "statement in the police report is misleading in that it infers [sic] that [the plaintiff] had been in the intersection" while the defendant was making the left turn, when in fact the defendant contends that he "did not see [the plaintiff] in the intersection while making [the] left turn because [the plaintiff] was never in the intersection" during the time when the defendant was turning. The defendant averred that his vehicle at no time came into contact with the plaintiff.

The Supreme Court concluded that the defendant's affidavit raised triable issues of fact and denied the plaintiff's motion for summary judgment on the issue of liability.

The defendant, in disputing the import and the meaning of the content of his statement, as reflected in the police report, and in disputing the veracity of the plaintiff's affidavit and the affidavit of the eyewitness as to how the alleged accident happened, has raised questions of credibility, which are for the jury to determine (see *Imamkhodjaev v Kartvelishvili*, 44 AD3d 619 [2007]; *Ramos v Rojas*, 37 AD3d 291 [2007]). Thus, in opposition to the plaintiff's prima facie showing of entitlement to judgment as a matter of law, the defendant raised a triable issue of fact, precluding summary judgment on the issue of liability (see *Imamkhodjaev v Kartvelishvili*, 44 AD3d 619 [2007]; *Ramos v Rojas*, 37 AD3d 291 [2007]; cf. *Ricci v Lo*, 95 AD3d 859 [2012]; *Rosenblatt v Venizelos*, 49 AD3d 519 [2008]).

The plaintiff's remaining contentions are without merit.

Accordingly, the Supreme Court properly denied the plaintiff's motion for summary judgment on the issue of liability. Skelos, J.P., Cohen, Miller and Hinds-Radix, JJ., concur.