■ GREGORY BATTIES, Appellant, v CITY OF NEW YORK et al., Respondents. [986 NYS2d 349]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Silber, J.), dated October 31, 2013, which denied his motion for summary judgment on the issue of liability.

Ordered that the order is affirmed, with costs.

On January 20, 2012, at approximately 6:30 p.m., the plaintiff was crossing Eastern Parkway in Brooklyn when he allegedly was struck by an Access-A-Ride van, operated by Francis D. Leon. The plaintiff commenced this action against, among others, the City of New York, the New York City Transit Authority, and Leon to recover damages for personal injuries. The plaintiff moved for summary judgment on the issue of liability, and the Supreme Court denied the motion.

The plaintiff made a prima facie showing of his entitlement to judgment as a matter of law by submitting evidence that, before entering the crosswalk on Eastern Parkway, he looked both ways for oncoming vehicles, and that, as he was crossing Eastern Parkway within the crosswalk, with the pedestrian control device and the traffic light in his favor, Leon failed to yield the right-of-way to him. Thus, the plaintiff demonstrated that Leon violated Vehicle and Traffic Law § 1146 (a) and that the plaintiff was free from comparative fault (see Ramos v Bartis, 112 AD3d 804 [2013]; Moreira v M.K. Travel & Transp., Inc., 106 AD3d 965, 966 [2013]; Klee v Americas Best Bottling Co., Inc., 60 AD3d 911 [2009]; Sulaiman v Thomas, 54 AD3d 751 [2008]; Voskin v Lemel, 52 AD3d 503 [2008]). However, in opposition to the motion, the defendants raised triable issues of fact as to how the accident occurred (see Thoma v Ronai, 82 NY2d 736, 737 [1993]; Pieper v Hussein, 102 AD3d 760, 761 [2013]; Azeem v Cava, 92 AD3d 821, 821 [2012]; Yi Min Feng v Jin Won Oh, 71 AD3d 879 [2010]; Cator v Filipe, 47 AD3d 664 [2008]; Dragunova v Dondero, 305 AD2d 449, 450 [2003]).

Accordingly, the Supreme Court properly denied the plaintiff's motion for summary judgment on the issue of liability. Rivera, J.P., Austin, Roman and Hinds-Radix, JJ., concur.