In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Nassau County (Woodard, J.), dated December 18, 2012, which granted the plaintiffs’ motion for summary judgment on the issue of liability.
Ordered that the order is reversed, on the law, with costs, and the plaintiffs’ motion for summary judgment on the issue of liability is denied.
On February 23, 2012, the plaintiff Sharon Iris (hereinafter the injured plaintiff), was injured when she was struck by a vehicle while she was crossing Middle Neck Road at its intersec *756 tion with Great Neck Road in Great Neck. The vehicle was being operated by the defendant Sonya Greene, and was owned by the defendant George Greene. At the time of the accident the vehicle, was making a left turn from Great Neck Road onto Middle Neck Road, and the injured plaintiff was within the crosswalk, with the traffic light in her favor. The injured plaintiff, and her husband suing derivatively, commenced this action to recover damages for personal injuries against the defendants. After issue was joined, the plaintiffs moved for summary judgment on the issue of liability, and the Supreme Court granted the motion.
The plaintiffs established their prima facie entitlement to judgment as a matter of law (see Pieper v Hussein, 102 AD3d 760 [2013]; Azeem v Cava, 92 AD3d 821 [2012]; Qamar v Kanarek, 82 AD3d 860 [2011]). However, in opposition to the motion, the defendants raised a triable issue of fact as to whether the injured plaintiff was comparatively at fault (see Pieper v Hussein, 102 AD3d at 761; Azeem v Cava, 92 AD3d at 821). Accordingly, the Supreme Court should have denied the plaintiffs’ motion for summary judgment on the issue of liability.
Mastro, J.E, Skelos, Cohen and LaSalle, JJ., concur.