■ Kevin Pyke, Respondent, v Mahadeo T. Bachan et al., Appellants. [999 NYS2d 508]—

In a consolidated action to recover damages for personal injuries, the defendants separately appeal from an order of the Supreme Court, Kings County (Bunyan, J.), dated July 24, 2013, which granted the plaintiff's motion for summary judgment on the issue of liability.

Ordered that the order is reversed, on the law, with costs, and the plaintiff's motion for summary judgment on the issue of liability is denied.

The plaintiff was riding his motorcycle when it allegedly came

into contact with a vehicle owned and operated by the defendant driver, Mahadeo T. Bachan, during the course of his employment with the defendant Tony's Wholesale Seafood, Inc. The plaintiff alleged that the accident occurred when he was traveling in a westerly direction, and Bachan was traveling in an easterly direction, attempting to make a left turn at an intersection. As a result, the plaintiff allegedly sustained personal injuries and commenced separate actions against the defendants. The two actions were subsequently consolidated. The plaintiff moved for summary judgment on the issue of liability, contending that the accident was solely caused by Bachan, who was negligent in failing to yield the right-of-way. The defendants separately opposed the motion, contending that the plaintiff, who was operating his motorcycle recklessly, collided with Bachan's vehicle, which was fully stopped in the intersection. The Supreme Court granted the plaintiff's motion, and we reverse.

The plaintiff established his entitlement to judgment as a matter of law by demonstrating, prima facie, that Bachan violated Vehicle and Traffic Law § 1141 when he made a left turn directly into the path of the motorcycle operated by the plaintiff, and that this violation was the sole proximate cause of the accident (*see Mazzullo v Loots*, 116 AD3d 677 [2014]; *Ducie v Ippolito*, 95 AD3d 1067 [2012]; *Loch v Garber*, 69 AD3d 814 [2010]; *Gabler v Marly Bldg. Supply Corp.*, 27 AD3d 519 [2006]). The plaintiff was entitled to anticipate that Bachan would obey traffic laws that required him to yield (*see Simeone v Cianciolo*, 118 AD3d 864 [2014]; *Moreno v Gomez*, 58 AD3d 611 [2009]).

In opposition, however, the defendants submitted evidence sufficient to raise a triable issue of fact. The defendant driver and his passenger submitted affidavits disputing the veracity of the plaintiff's affidavit and the affidavit of the nonparty witnesses as to how the alleged accident occurred. Bachan also disputed the import and the meaning of the content of his statement as reflected in the police report. Under the circumstances, the defendants have raised questions of credibility, which are for the jury to determine (*see Brown v Pinkett*, 110 AD3d 1024 [2013]; *Imamkhodjaev v Kartvelishvili*, 44 AD3d 619 [2007]; *cf. Buchinger v Jazz Leasing Corp.*, 95 AD3d 1053 [2012]; *Ricci v Lo*, 95 AD3d 859 [2012]). The plaintiff's contention that Bachan's affidavit and the affidavit of his passenger are inadmissible because they did not comply with CPLR 2101 (b) is being raised for the first time on appeal, and it is not properly before this Court (*see Harriton v Doft*, 94 AD3d 815, 817 [2012]; *Brady v Westchester County Healthcare Corp.*, 78 AD3d 1097, 1099

[2010]; *Robbins v Emery*, 268 AD2d 515 [2000]; *Rosendale v Galin*, 266 AD2d 444 [1999]).

Accordingly, the plaintiff's motion for summary judgment on the issue of liability should have been denied. Mastro, J.P., Chambers, Sgroi and Miller, JJ., concur.