■ MIKHAIL BLOK, Appellant, v TEYMUR M. MAMMADOV, Respondent. [5 NYS3d 505]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Rothenberg, J.), dated January 24, 2014, as denied that branch of his renewed motion which was for summary judgment on the issue of liability.

Ordered that the order is affirmed insofar as appealed from, with costs.

While crossing Sheepshead Bay Road at or near its intersection with Emmons Avenue in Brooklyn, the plaintiff allegedly was injured when he was struck by a vehicle owned and operated by the defendant as it was making a right turn from Emmons Avenue onto Sheepshead Bay Road. The plaintiff commenced this action to recover damages for personal injuries. The Supreme Court denied that branch of the plaintiff's renewed motion which was for summary judgment on the issue of liability.

"In a personal injury action, to prevail on a motion for summary judgment on the issue of liability, a plaintiff has the

burden of establishing, prima facie, not only that a defendant was negligent, but also that he or she was free from comparative fault" (*Anjum v Bailey*, 123 AD3d 852, 853 [2014]). "In determining a motion for summary judgment, evidence must be viewed in the light most favorable to the nonmoving party, and all reasonable inferences must be resolved in favor of the nonmoving party" (*Valentin v Parisio*, 119 AD3d 854, 855 [2014]). Moreover, the issue of comparative fault is generally a question for the jury to decide (*see Jahangir v Logan Bus Co., Inc.*, 89 AD3d 1064, 1065 [2011]).

Here, the plaintiff established his entitlement to judgment as a matter of law by submitting evidence demonstrating that, before entering the crosswalk, he looked in both directions of the roadway to make certain that no vehicles were approaching, that the pedestrian control device was in his favor, and that the defendant, in making a right turn, failed to yield the right-of-way (*see Berrios-Lemus v Village of Spring Val.*, 122 AD3d 650 [2014]; *Garcia v Lenox Hill Florist III, Inc.*, 120 AD3d 1296 [2014]; *Batties v City of New York*, 118 AD3d 650 [2014]; *Brown v Pinkett*, 110 AD3d 1024 [2013]). In opposition, however, the defendant raised triable issues of fact as to how the accident occurred and whether the plaintiff was comparatively at fault (*see Pyke v Bachan*, 123 AD3d 994 [2014]; *Iris v Greene*, 118 AD3d 755, 756 [2014]; *Batties v City of New York*, 118 AD3d at 650; *Brown v Pinkett*, 110 AD3d 1024 [2013]; *Pieper v Hussein*, 102 AD3d 760, 761 [2013]).

The plaintiff's remaining contentions are without merit.

Accordingly, the Supreme Court properly denied that branch of the plaintiff's renewed motion which was for summary judgment on the issue of liability. Dillon, J.P., Dickerson, Chambers and Roman, JJ., concur.