■ MARIA TWAROG, Respondent, v MARIA ORTIZ-DEVITERI et al., Appellants. [25 NYS3d 895]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Queens County (Weiss, J.), entered April 6, 2015, which granted the plaintiff's motion for summary judgment on the issue of liability.

Ordered that the order is affirmed, with costs.

The plaintiff was crossing a street in Queens County when she was allegedly struck by a school bus which was attempting to make a left turn. The plaintiff allegedly sustained personal injuries and commenced this action against the defendant Maria Ortiz-Deviteri (hereinafter the defendant driver), who was operating the bus, and the defendant Royal Express Line, which owned the bus. The plaintiff moved for summary judgment on the issue of liability, and the Supreme Court granted the motion. The defendants appeal.

The plaintiff established her prima facie entitlement to judgment as a matter of law by submitting evidence that, before entering the crosswalk, she looked both ways for oncoming vehicles, and that as she was crossing the street with the traffic light in her favor, the defendant driver failed to yield the right-of-way to her (*see* 34 RCNY 4-03 [a] [1] [i]; *Zhu v Natale*, 131 AD3d 607, 608 [2015]; *Castiglione v Kruse*, 130 AD3d 957, 957-958 [2015]; *Batties v City of New York*, 118 AD3d 650 [2014]; *Kusz v New York City Tr. Auth.*, 88 AD3d 768 [2011]).

In opposition, the defendants failed to raise a triable issue of fact. The defendant driver's affidavit contradicted her admission immediately following the accident, as reflected in a police accident report. This affidavit was a belated attempt to avoid the consequences of her earlier admission by raising a feigned issue and was insufficient to raise a triable issue of fact (*see Buchinger v Jazz Leasing Corp.*, 95 AD3d 1053 [2012]; *Ricci v Lo*, 95 AD3d 859, 860 [2012]; *Abramov v Miral Corp.*, 24 AD3d 397, 398 [2005]). Additionally, the plaintiff's motion for sum-

mary judgment on the issue of liability was not premature (*see Buchinger v Jazz Leasing Corp.*, 95 AD3d at 1053-1054; *Deleg v Vinci*, 82 AD3d 1146 [2011]; *Abramov v Miral Corp.*, 24 AD3d at 398).

Accordingly, the Supreme Court properly granted the plaintiff's motion for summary judgment on the issue of liability. Rivera, J.P., Austin, Sgroi and Barros, JJ., concur.