■ MICHELLE LESALDO, Respondent, v THERESE DABAS, Appellant. [32 NYS3d 321]—

In an action to recover damages for personal injuries, the de-

fendant appeals from an order of the Supreme Court, Kings County (Lewis, J.), dated July 10, 2015, which granted the plaintiff's motion for summary judgment on the issue of liability.

Ordered that the order is affirmed, with costs.

The plaintiff alleged that she was walking in a crosswalk on the north side of the intersection of East 92nd Street and Farragut Road in Brooklyn when a vehicle operated by the defendant struck her in the crosswalk as it made a left turn from Farragut Road onto East 92nd Street. The plaintiff commenced this action against the defendant to recover damages for her personal injuries.

The plaintiff moved for summary judgment on the issue of liability. In support of the motion, the plaintiff submitted a police accident report and an affidavit wherein she averred that she was crossing the intersection within the crosswalk with the traffic light in her favor, and was approximately halfway across the street when she was struck by the defendant's vehicle. The Supreme Court granted the plaintiff's motion.

"To prevail on a motion for summary judgment on the issue of liability in an action alleging negligence, a plaintiff has the burden of establishing, prima facie, not only that the defendant was negligent, but that the plaintiff was free from comparative fault, since there can be more than one proximate cause of an accident" (*Ramos v Bartis*, 112 AD3d 804, 804 [2013] [citations omitted]; *see Thoma v Ronai*, 82 NY2d 736 [1993]; *Tsang v New York City Tr. Auth.*, 125 AD3d 648 [2015]). "Where a plaintiff has established his or her prima facie entitlement to judgment as a matter of law, the opposing party may defeat the motion by submitting sufficient evidence to raise a triable issue of fact as to the plaintiff's comparative fault" (*Zhu v Natale*, 131 AD3d 607, 608 [2015]; *Brown v Mackiewicz*, 120 AD3d 1172, 1173 [2014]).

The plaintiff's affidavit and the police accident report, which contained the defendant's admission to the effect that she did not see the plaintiff walking in the crosswalk as she attempted to make the left turn, were sufficient to establish, prima facie, the plaintiff's entitlement to judgment as a matter of law (*see Zhu v Natale*, 131 AD3d at 608; *Brown v Mackiewicz*, 120 AD3d at 1173; *Ramos v Bartis*, 112 AD3d 804 [2013]; *Brown v Pinkett*, 110 AD3d 1024 [2013]). Contrary to the defendant's contention, that portion of the uncertified police accident report which contained her admission was admissible (*see Gezelter v Pecora*, 129 AD3d 1021, 1022-1023 [2015]).

In opposition, the defendant failed to raise a triable issue of

fact. The defendant's affidavit wherein she averred that the plaintiff was not crossing the street within the crosswalk and that the impact occurred at least two car lengths past the intersection contradicted her prior admission. The defendant made no effort in opposition to explain the admission in the police report or deny its accuracy (*see Twarog v Ortiz-Deviteri*, 137 AD3d 777 [2016]; *Rosenblatt v Venizelos*, 49 AD3d 519 [2008]). The defendant's affidavit appears to be a belated attempt to avoid the consequences of her earlier admissions by raising a feigned issue of fact which was insufficient to defeat the motion (*see Twarog v Ortiz-Deviteri*, 137 AD3d at 777; *Buchinger v Jazz Leasing Corp.*, 95 AD3d 1053 [2012]; *Ricci v Lo*, 95 AD3d 859 [2012]; *cf. Brown v Pinkett*, 110 AD3d at 1025; *Imamkhodjaev v Kartvelishvili*, 44 AD3d 619, 620 [2007]). Additionally, the plaintiff's motion for summary judgment on the issue of liability was not premature (*see Chou v Ocean Ambulette Serv., Inc.*, 131 AD3d 1091, 1092-1093 [2015]; *Buchinger v Jazz Leasing Corp.*, 95 AD3d at 1053-1054; *Deleg v Vinci*, 82 AD3d 1146 [2011]; *Abramov v Miral Corp.*, 24 AD3d 397, 398 [2005]).

Accordingly, the Supreme Court properly granted the plaintiff's motion for summary judgment on the issue of liability. Dillon, J.P., Sgroi, Miller and Barros, JJ., concur.