In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Queens County (Sampson, J.), entered November 17, 2016, which denied their motion for summary judgment dismissing the complaint.
 

 Ordered that the order is reversed, on the law, with costs, and the defendants’ motion for summary judgment dismissing the complaint is granted.
 

 The plaintiff was driving a motor vehicle at or near the intersection of Northern Boulevard and 157th Street in Queens when it came into contact with a vehicle owned by the defendant Adele Landecho and operated by the defendant Justin A. Sanchez (hereinafter together the defendants). Following the accident, the plaintiff commenced this action against the defendants to recover damages for personal injuries. The defendants moved for summary judgment dismissing the complaint, and the Supreme Court denied the defendants’ motion. We reverse.
 

 In support of their motion, the defendants relied upon, inter alia, an affidavit submitted by Sanchez and the plaintiff’s cer-tilled motor vehicle report. This evidence demonstrated that, at the time of the subject accident, both Sanchez and the plaintiff were traveling westbound on Northern Boulevard. The Sanchez vehicle was traveling in the rightmost travel lane, while the plaintiff’s vehicle was traveling in the center lane. According to Sanchez, as they reached the intersection with 157th Street, impact between the vehicles occurred when the plaintiff attempted to make a right turn from his lane of travel onto 157th Street, passing in front of the defendants’ vehicle. This evidence demonstrated, prima facie, that the plaintiff violated Vehicle and Traffic Law §§ 1128 (a) and 1163, and that Sanchez was free from fault in the happening of the accident (see Velez v Mandato, 129 AD3d 945, 945 [2015]; Adobea v Junel, 114 AD3d 818 [2014]). This evidence also demonstrated, prima facie, that the plaintiff’s actions were the sole proximate cause of the subject accident.
 

 In opposition, the plaintiff failed to raise a triable issue of fact. The plaintiff’s affidavit, which contradicted admissions he made in the certified motor vehicle report, was insufficient to defeat the defendants’ motion for summary judgment because it merely raised what appear to be feigned issues of fact (see Ricci v Lo, 95 AD3d 859, 860 [2012]; Rosenblatt v Venizelos, 49 AD3d 519, 520 [2008]). Moreover, the plaintiff failed to demonstrate that the defendants’ motion was premature. The plaintiff’s professed need to conduct discovery did not warrant denial of the defendants’ motion, since he already had personal knowledge of the relevant facts, as evidenced by his own affidavit in opposition to the motion (see Turner v Butler, 139 AD3d 715 [2016]; Fenko v Mealing, 43 AD3d 856, 856 [2007]; Abramov v Miral Corp., 24 AD3d 397 [2005]). Accordingly, the Supreme Court should have granted the defendants’ motion for summary judgment dismissing the complaint.
 

 Leventhal, J.P., Austin, Cohen and Brathwaite Nelson, JJ., concur.