Odetalla v Rodriguez (2018 NY Slip Op 06756)





Odetalla v Rodriguez


2018 NY Slip Op 06756


Decided on October 10, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 10, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
JEFFREY A. COHEN
JOSEPH J. MALTESE
BETSY BARROS, JJ.


2017-01404
 (Index No. 503624/16)

[*1]Musa Odetalla, respondent, 
v
Francisco Santana Rodriguez, et al., appellants.


Nancy L. Isserlis (Saretsky Katz & Dranoff, LLP, New York, NY [Jonah S. Zweig], of counsel), for appellants.
Yuriy Prakhin, P.C., Brooklyn, NY (Gregory Nahas of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries and injury to property, the defendants appeal from an order of the Supreme Court, Kings County (Ellen M. Spodek, J.), dated October 28, 2016. The order granted the plaintiff's motion for summary judgment on the issue of liability.
ORDERED that the order is affirmed, with costs.
On September 7, 2015, in Manhattan, a vehicle operated by the defendant Francisco Santana Rodriguez and owned by the defendant Ramon Rodriguez struck the rear of a vehicle owned and operated by the plaintiff. The plaintiff subsequently commenced this action against the defendants to recover damages for personal injuries and injury to property. The plaintiff moved for summary judgment on the issue of liability, contending that the defendant driver's negligent operation of his vehicle was the sole proximate cause of the accident. The Supreme Court granted the motion. The defendants appeal.
"A rear-end collision with a vehicle that is slowing down establishes a prima facie case of negligence on the part of the driver of the rear vehicle, and imposes a duty on him [or her]to come forward with an adequate nonnegligent explanation for the accident" (Dattilo v Best Transp. Inc., 79 AD3d 432, 433; see Costa v Eramo, 76 AD3d 942, 942).
Here, the plaintiff established his prima facie entitlement to judgment as a matter of law on the issue of liability based upon his own affidavit, in which he averred that his vehicle was slowing down to make a right turn when it was struck in the rear by the defendants' vehicle (see Costa v Eramo, 76 AD3d at 942). The plaintiff also proffered a copy of a police accident report which contained the defendant driver's statement that the plaintiff's vehicle was slowing down and the defendant driver was "unable to stop on time" to avoid the collision.
In opposition, the defendants failed to raise a triable issue of fact. The affidavit submitted by the defendant driver contradicted his admission immediately following the accident, as reflected in the police accident report. The defendant driver neither denied making that [*2]admission, nor disputed the accuracy of his statement as contained in the police accident report (see Ricci v Lo, 95 AD3d 859, 860; cf. Imamkhodjaev v Kartvelishvili, 44 AD3d 619, 621). Therefore, we conclude that the submission of the affidavit was a belated attempt by the defendant driver to raise feigned factual issues to avoid the consequences of his earlier admission (see Twarog v Ortiz-Deviteri, 137 AD3d 777, 777; Buchinger v Jazz Leasing Corp., 95 AD3d 1053, 1053; Ricci v Lo, 95 AD3d at 860).
Contrary to the defendants' contention, the plaintiff was not required to demonstrate his freedom from comparative fault in order to establish his prima facie entitlement to summary judgment on the issue of liability against the defendants (see Rodriguez v City of New York, 31 NY3d 312; Edgerton v City of New York, 160 AD3d 809).
Accordingly, we agree with the Supreme Court's determination to grant the plaintiff's motion for summary judgment on the issue of liability.
LEVENTHAL, J.P., COHEN, MALTESE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court