Rooney v Garberg (2018 NY Slip Op 08521)





Rooney v Garberg


2018 NY Slip Op 08521


Decided on December 12, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 12, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SHERI S. ROMAN
JEFFREY A. COHEN
BETSY BARROS, JJ.


2016-10391
 (Index No. 27811/10)

[*1]Patricia Rooney, respondent, 
v
Jonathan Garberg, defendant, Home Depot U.S.A., Inc., appellant.


Lewis Brisbois Bisgaard & Smith LLP, New York, NY (David M. Pollack and Michael N. Giacopelli of counsel), for appellant.
Pecoraro & Schiesel LLP, New York, NY (Steven J. Pecoraro of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Home Depot U.S.A., Inc., appeals from an order of the Supreme Court, Kings County (Carolyn E. Wade, J.), dated June 3, 2016. The order denied that defendant's motion for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is reversed, on the law, with costs, and the motion of the defendant Home Depot U.S.A., Inc., for summary judgment dismissing the complaint insofar as asserted against it is granted.
The plaintiff commenced this action sounding in strict products liability to recover damages for personal injuries, alleging that she sustained those injuries when she fell from a defective articulating ladder at a marina. The defendant Jonathan Garberg owned the allegedly defective ladder, and the defendant Home Depot U.S.A., Inc. (hereinafter Home Depot), allegedly sold the ladder.
Home Depot moved for summary judgment dismissing the complaint insofar as asserted against it, proffering, among other things, an affidavit executed by Garberg dated March 24, 2015, in which he averred that, "[t]o the best of my recollection, I purchased the [subject] ladder sometime between 1994 [and] 1998, from the Home Depot store at 2970 Cropsey Avenue, Brooklyn, New York." Home Depot also submitted evidence establishing that the Cropsey Avenue location did not open until December 20, 2001. In opposition, the plaintiff submitted, among other things, a more recently executed affidavit from Garberg, dated April 29, 2016, in which he stated that the purchase date "was an estimate; that I purchased it from a Home Depot store is unequivocal. If the Crospey Avenue Home Depot did not open until 2001, I either purchased the ladder after the opening date of that store, OR possibly purchased it from the Hamilton Avenue Home Depot where I shopped prior. Regardless of the date of purchase, however, it was purchased at the Home Depot store." The record lacks any other evidence as to when and where Garberg purchased the allegedly defective ladder. The Supreme Court denied Home Depot's motion, and Home Depot appeals. We reverse.
" [L]iability may not be imposed for . . . strict products liability upon a party that is [*2]outside the manufacturing, selling, or distribution chain'" (Quinones v Federated Dept. Stores, Inc., 92 AD3d 931, 931, quoting Spallholtz v Hampton C.F. Corp., 294 AD2d 424, 424). Here, Home Depot established its prima facie entitlement to judgment as a matter of law by demonstrating that it was outside the manufacturing, selling, or distribution chain (see Quinones v Federated Dept. Stores, Inc., 92 AD3d at 931). In opposition, the plaintiff failed to raise a triable issue of fact on this issue. Garberg's 2016 affidavit contained assertions made for the first time in opposition to the motion and merely raised feigned issues designed to avoid the consequences of Garberg's earlier affidavit. Garberg swore to the 2016 affidavit after he settled with the plaintiff, after the close of discovery, and after Home Depot submitted its conclusive proof establishing that he could not have purchased the defective ladder when and where he claimed he had. The 2016 affidavit speculated about a possible purchase at a different Home Depot location that, unlike the Cropsey Avenue location, the parties did not have the opportunity to explore during discovery. Garberg also contradicted his prior unambiguous assertion about the timing of his purchase. His 2016 opposition affidavit was, therefore, insufficient to defeat summary judgment (see Meriweather v Green W. 57th St., LLC, 156 AD3d 875, 876; Park v Sanchez, 155 AD3d 970, 971; Wengenroth v Formula Equip. Leasing, Inc., 11 AD3d 677, 679).
Accordingly, the Supreme Court should have granted Home Depot's motion for summary judgment dismissing the complaint insofar as asserted against it.
AUSTIN, J.P., ROMAN, COHEN and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court