Batashvili v Veliz-Palacios (2019 NY Slip Op 01733)





Batashvili v Veliz-Palacios


2019 NY Slip Op 01733


Decided on March 13, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 13, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SHERI S. ROMAN
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON, JJ.


2018-05722
 (Index No. 716189/17)

[*1]Naira Batashvili, et al., appellants,
v
W. I. Veliz-Palacios, respondent.


Law Offices of Regis A. Gallet, LLC, Forest Hills, NY, for appellants.
Nancy L. Isserlis (Saretsky Katz & Dranoff, LLP, New York, NY [Gary J. Levy], of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiffs appeal from an order of the Supreme Court, Queens County (Ulysses B. Leverett, J.), entered April 24, 2018. The order denied the plaintiffs' motion for summary judgment on the issue of liability.
ORDERED that the order is reversed, on the law, with costs, and the plaintiffs' motion for summary judgment on the issue of liability is granted.
On November 8, 2016, at about 5:50 a.m., a vehicle operated by the defendant struck the rear of a vehicle operated by the plaintiff Naira Batashvili and occupied by the plaintiff Dmitry Batashvili. The plaintiffs commenced this personal injury action against the defendant. Shortly after the defendant filed his answer, the plaintiffs moved for summary judgment on the issue of liability. The Supreme Court denied the motion, and the plaintiffs appeal.
"A driver of a vehicle approaching another vehicle from the rear is required to maintain a reasonably safe distance and rate of speed under the prevailing conditions to avoid colliding with the other vehicle" (Nsiah-Ababio v Hunter, 78 AD3d 672, 672; see Vehicle and Traffic Law § 1129[a]; Niyazov v Hunter EMS, Inc., 154 AD3d 954). "[A] rear-end collision establishes a prima facie case of negligence on the part of the operator of the rear vehicle, thereby requiring that operator to rebut the inference of negligence by providing a non-negligent explanation for the collision" (Scheker v Brown, 85 AD3d 1007, 1007; see Witonsky v New York City Tr. Auth., 145 AD3d 938, 939; Gleason v Villegas, 81 AD3d 889, 890).
Here, the plaintiffs established their prima facie entitlement to judgment as a matter of law by demonstrating, through the affidavit of Naira Batashvili and a police accident report, that their vehicle was traveling within one lane of traffic at all times when it was struck in the rear by the defendant's vehicle (see Niyazov v Hunter EMS, Inc., 154 AD3d at 955; Witonsky v New York City Tr. Auth., 145 AD3d at 939; Scheker v Brown, 85 AD3d at 1007). Contrary to the defendant's contention, the portion of the uncertified police accident report that contained his admission that he changed into the lane at issue and did not see the plaintiffs' vehicle in time to avoid the impact was admissible (see Lesaldo v Dabas, 140 AD3d 708, 709; Gezelter v Pecora, 129 AD3d 1021, 1022-[*2]1023).
In opposition, the defendant failed to raise a triable issue of fact. The defendant submitted an affidavit wherein he averred that he did not change lanes and that the accident occurred when the plaintiffs' vehicle made a sudden stop. The affidavit was a belated effort by the defendant to avoid the consequences of his earlier admission by raising what appeared to be a feigned issue of fact, which was insufficient to defeat the motion (see Rosenblatt v Venizelos, 49 AD3d 519, 520; Abramov v Miral Corp., 24 AD3d 397, 398; cf. Imamkhodjaev v Kartvelishvili, 44 AD3d 619, 621). In any event, the defendant's bare assertion that the plaintiffs' vehicle made a sudden stop, standing alone, was insufficient to raise a triable issue of fact as to whether there was a nonnegligent explanation for the accident (see Gutierrez v Trillium USA, LLC, 111 AD3d 669, 671). Moreover, the defendant failed to offer an evidentiary basis to suggest that discovery may lead to relevant evidence, or that facts essential to opposing the motion were exclusively within the knowledge and control of the plaintiffs (see CPLR 3212[f]; Abramov v Miral Corp., 24 AD3d at 398; Niyazov v Bradford, 13 AD3d 501, 502). The mere hope or speculation that evidence sufficient to defeat a motion for summary judgment may be uncovered during the discovery process is an insufficient basis for denying the plaintiffs' motion (see Fenko v Mealing, 43 AD3d 856)
Accordingly, the Supreme Court should have granted the plaintiffs' motion for summary judgment on the issue of liability.
AUSTIN, J.P., ROMAN, MILLER and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court