Moore v DL Peterson Trust (2019 NY Slip Op 03782)





Moore v DL Peterson Trust


2019 NY Slip Op 03782


Decided on May 15, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 15, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
JEFFREY A. COHEN
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2018-04949
 (Index No. 855/16)

[*1]Jeffrey Moore, appellant-respondent,
v
DL Peterson Trust, et al., respondents-appellants.


Winkler Kurtz, LLP, Port Jefferson Station, NY (Jason W. Hake of counsel), for appellant-respondent.
The Sultzer Law Group, New York, NY (Joseph Lipari of counsel), for respondents-appellants.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals, and the defendants cross-appeal, from an order of the Supreme Court, Suffolk County (David T. Reilly, J.), dated February 15, 2018. The order, insofar as appealed from, denied the plaintiff's cross motion for summary judgment on the issue of liability and summary judgment dismissing the counterclaim of the defendant DL Peterson Trust. The order, insofar as cross-appealed from, denied the defendants' motion for summary judgment dismissing the complaint and summary judgment on the counterclaim of the defendant DL Peterson Trust.
ORDERED that the order is affirmed, without costs or disbursements.
On January 7, 2016, a vehicle owned by the defendant DL Peterson Trust (hereinafter the Trust) and operated by the defendant Josh I. Robinson in the westbound lane of Ridgeway Avenue in Suffolk County collided with the basket portion of a cherry picker operated by the plaintiff in or near his driveway. The plaintiff allegedly sustained personal injuries as a result of the accident, and commenced this action against the defendants. The Trust asserted a counterclaim against the plaintiff to recover damages for injury to the Trust's vehicle. The defendants moved for summary judgment dismissing the complaint and summary judgment on the Trust's counterclaim. The plaintiff cross-moved for summary judgment on the issue of liability and summary judgment dismissing the Trust's counterclaim. The Supreme Court denied the motion and cross motion. The plaintiff appeals, and the defendants cross-appeal.
In support of their motion, the defendants submitted Robinson's deposition testimony which established, prima facie, that the defendants' vehicle was proceeding westbound on Ridgeway Avenue with the right-of-way when the basket portion of the cherry picker suddenly protuded into its path of travel, and that Robinson was free from fault in the happening of the accident since he only had seconds to react (see Kenda v Dunn, 117 AD3d 803, 804; Vainer v DiSalvo, 79 AD3d 1023, 1024). In opposition, however, the plaintiff submitted, among other things, a certified copy of a police accident report containing Robinson's admission that he struck a stationary cherry picker, thus raising a triable issue of fact as to whether Robinson was at fault in causing the accident (see Lee v D. Daniels Contr., Ltd., 113 AD3d 824, 825; Blasso v Parente, 79 AD3d 923; Cuccio v Ciotkosz, [*2]43 AD3d 850, 851).
With respect to the plaintiff's cross motion for summary judgment, in response to the plaintiff's demonstration of his prima facie entitlement to judgment as a matter of law on the issue of liability, the defendants submitted evidence sufficient to raise a triable issue of fact as to whether Robinson had a nonnegligent excuse for striking the plaintiff's cherry picker (see generally Rodriguez v City of New York, 31 NY3d 312). Contrary to the plaintiff's contention, Robinson's affidavit submitted in surreply was admissible, notwithstanding that it was subscribed and sworn to out of state and not accompanied by a certificate of conformity as required by CPLR 2309(c), as such a defect is not fatal, and no substantial right of the plaintiff was prejudiced by disregarding the defect (see CPLR 2001; Lipinsky v Yarusso, 164 AD3d 896, 898). Robinson averred in his affidavit that he told the police officer at the scene that while the base of the cherry picker was stationary, the basket portion of the cherry picker suddenly protruded into his path of travel. Contrary to the plaintiff's contention, this assertion by Robinson did not contradict Robinson's prior admission to the police at the accident scene. Rather, it raised triable issues of fact as to Robinson's credibility (see Pyke v Bachan, 123 AD3d 994, 995; Imamkhodjaev v Kartvelishvili, 44 AD3d 619, 620-621), and whether he had a nonnegligent excuse for colliding with the plaintiff's cherry picker.
Accordingly, we agree with the Supreme Court's determination denying the defendants' motion for summary judgment dismissing the complaint and summary judgment on the Trust's counterclaim, as well as the plaintiff's cross motion for summary judgment on the issue of liability and summary judgment dismissing the Trust's counterclaim.
AUSTIN, J.P., COHEN, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court