Arnold v Shepitka (2024 NY Slip Op 05321)

Arnold v Shepitka

2024 NY Slip Op 05321

Decided on October 30, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 30, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
JOSEPH J. MALTESE
LILLIAN WAN
DONNA-MARIE E. GOLIA, JJ.

2023-06527
 (Index No. 2816/22)

[*1]Joshua Arnold, Jr., appellant, 
v
John F. Shepitka, respondent.

Richard A. Bernsley, P.C., Pine Bush, NY, for appellant.
James F. Butler, Jericho, NY (Cristina M. Moreira of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Orange County (Sandra B. Sciortino, J.), dated July 6, 2023. The order denied the plaintiff's motion for summary judgment on the issue of liability and dismissing the defendant's affirmative defense alleging comparative negligence.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action against the defendant to recover damages for personal injuries he allegedly sustained when a vehicle that he was operating in Orange County collided with a vehicle that the defendant was operating. The plaintiff moved for summary judgment on the issue of liability and dismissing the defendant's affirmative defense alleging comparative negligence, contending that the defendant's negligent operation of his vehicle was the sole proximate cause of the accident. In an order dated July 6, 2023, the Supreme Court denied the plaintiff's motion. The plaintiff appeals.
"A plaintiff in a negligence action moving for summary judgment on the issue of liability must establish, prima facie, that the defendant breached a duty owed to the plaintiff and that the defendant's negligence was a proximate cause of the alleged injuries" (Garutti v Kim Co Refrig. Corp., 222 AD3d 728, 728-729 [internal quotation marks omitted]; see Flores v Rubenstein, 175 AD3d 1490, 1490-1491). To be entitled to summary judgment on the issue of liability, a plaintiff does not have the burden of establishing the absence of his or her own comparative negligence (see Rodriguez v City of New York, 31 NY3d 312, 324-325). However, the issue of a plaintiff's comparative negligence may be decided in the context of a plaintiff's motion for summary judgment on the issue of liability where, as here, the plaintiff also seeks dismissal of an affirmative defense alleging comparative negligence (see Corredor v Alnamer, 228 AD3d 726; Ramirez v Wangdu, 195 AD3d 646).
Here, the plaintiff's submissions in support of his motion contained conflicting accounts as to how the collision occurred and failed to eliminate all triable issues of fact as to whether the defendant proximately caused the accident and whether the plaintiff was free from comparative negligence (see Corredor v Alnamer, 228 AD3d 726; Garutti v Kim Co Refrig. Corp., 222 AD3d at 729; Ramirez v Wangdu, 195 AD3d at 647). Contrary to the plaintiff's contention, the [*2]credibility of the defendant's assertion, made at his deposition, that he did not make the statement attributed to him in a certified police accident report is for a jury to determine (see Smith-Joyner v Barahona, 227 AD3d 924, 927; Imamkhodjaev v Kartvelishvili, 44 AD3d 619, 621). Accordingly, the Supreme Court properly denied the plaintiff's motion for summary judgment on the issue of liability and dismissing the defendant's affirmative defense alleging comparative negligence, regardless of the sufficiency of the defendant's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
IANNACCI, J.P., MALTESE, WAN and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court