Jimmy Garcia et al., Respondents, v Lenox Hill Florist III, Inc., et al., Appellants, et al., Defendants. [993 NYS2d 86]—

In an action to recover damages for personal injuries, etc., the defendants Lenox Hill Florist III, Inc., and George Seretis appeal (1), as limited by their brief, from so much of an order of the Supreme Court, Queens County (McDonald, J.), dated September 20, 2013, as granted that branch of the plaintiffs' motion which was for summary judgment on the issue of li-

ability insofar as asserted against them, and (2) from a judgment of the same court entered October 15, 2013, which, upon the order, is in favor of the plaintiffs and against them on the issue of liability.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment.

The plaintiff Jimmy Garcia (hereinafter the injured plaintiff) allegedly was injured when he was struck by a vehicle owned by the defendant Lenox Florist III, Inc., and operated by the defendant George Seretis (hereinafter together the Florist defendants). The plaintiffs established their prima facie entitlement to judgment as a matter of law on the issue of liability insofar as asserted against the Florist defendants by presenting proof that the injured plaintiff was walking within an unmarked crosswalk and that he looked for approaching traffic before he began to cross (*see* Vehicle and Traffic Law § 1152 [a]; *Hamilton v King Tung Kong*, 93 AD3d 821 [2012]; *Roman v A1 Limousine, Inc.*, 76 AD3d 552 [2010]; *Rosenblatt v Venizelos*, 49 AD3d 519 [2008]; *Abramov v Miral Corp.*, 24 AD3d 397 [2005]).

In opposition, the Florist defendants failed to raise a triable issue of fact. A transcript of an alleged telephone conversation that a nonparty witness had with the defendants' insurance personnel, which is not authenticated, certified, or sworn, was inadmissible and insufficient to raise a triable issue of fact (*see Moore v 3 Phase Equestrian Ctr., Inc.*, 83 AD3d 677 [2011]; *Dan's Supreme Supermarkets v Redmont Realty Co.*, 261 AD2d 353 [1999]). Additionally, Seretis's unsupported speculation in his affidavit that the injured plaintiff was comparatively negligent was insufficient to raise a triable issue of fact (*see Hamilton v King Tung Kong*, 93 AD3d 821 [2012]; *Sulaiman v Thomas*, 54 AD3d 751 [2008]).

Contrary to the Florist defendants' contention, that branch of the plaintiffs' motion which sought summary judgment on the issue of liability was not premature, since the Florist defendants failed " 'to offer an evidentiary basis to show that discovery may lead to relevant evidence and that the facts essential to

justify opposition to the motion were exclusively within the knowledge and control of the plaintiff[s]' " (*Martinez v Kreychmar*, 84 AD3d 1037, 1038 [2011], quoting *Cavitch v Mateo*, 58 AD3d 592, 593 [2009]; *see Rodriguez v Farrell*, 115 AD3d 929 [2014]; *Robinson v Bond St. Levy, LLC*, 115 AD3d 928 [2014]).

Accordingly, the Supreme Court properly granted that branch of the plaintiffs' motion which was for summary judgment on the issue of liability insofar as asserted against the Florist defendants. Mastro, J.P., Dickerson, Hinds-Radix and Duffy, JJ., concur.