■ JANINE FRIEDMAN, Respondent, v RANDI ROGERSON et al., Appellants. [16 NYS3d 770]—In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Nassau County (Murphy, J.), entered August 21, 2014, which granted the plaintiff's motion for summary judgment on the issue of liability.

Ordered that the order is affirmed, with costs.

The plaintiff allegedly was injured when she was struck by a vehicle owned by the defendant Randi Rogerson and operated by the defendant Richard Basso. The plaintiff established her prima facie entitlement to judgment as a matter of law on the issue of liability by presenting proof that she was struck while

walking within an unmarked crosswalk, that she had observed the conditions of approaching traffic before she began to cross, and that the defendant driver was negligent in failing to yield the right-of-way (*see* Vehicle and Traffic Law §§ 1151, 1152 [a]; *France Herly Bien-Aime v Clare*, 124 AD3d 814, 814 [2015]; *Garcia v Lenox Hill Florist III, Inc.*, 120 AD3d 1296, 1297 [2014]; *Hamilton v King Tung Kong*, 93 AD3d 821 [2012]; *Rosenblatt v Venizelos*, 49 AD3d 519 [2008]). In opposition, the defendants failed to raise a triable issue of fact (*see Garcia v Lenox Hill Florist III, Inc.*, 120 AD3d at 1297; *Rosenblatt v Venizelos*, 49 AD3d 519 [2008]). Since the defendants failed to raise a triable issue of fact in opposition to the plaintiff's prima facie showing, the Supreme Court properly granted the plaintiff's motion for summary judgment on the issue of liability. Mastro, J.P., Cohen, Maltese and Barros, JJ., concur.