■ JORGE GANDARILLAS, Respondent, v EAN HOLDINGS, LLC, Defendant, and FLEET STAFF, INC., et al., Appellants. [58 NYS3d 523]—

In an action to recover damages for personal injuries, the defendants Fleet Staff, Inc., and Tiffany C. Glover appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Greco, Jr., J.), entered May 10, 2016, as granted that branch of the plaintiff's motion which was for summary judgment on the issue of their liability.

Ordered that the order is affirmed insofar as appealed from, with costs.

On January 13, 2015, at approximately 9:00 a.m., the plaintiff, who was crossing Ditmars Boulevard at its intersection with 79th Street in Queens, was struck by a vehicle owned by the defendant Fleet Staff, Inc., and operated by the defendant Tiffany C. Glover (hereinafter together the appellants), as that vehicle was making a left turn from 79th Street onto

Ditmars Boulevard. Subsequently, the plaintiff commenced this action against, among others, the appellants, alleging negligence resulting in personal injuries. The plaintiff moved for summary judgment on the issue of, inter alia, the appellants' liability. In the order appealed from, the Supreme Court, among other things, granted that branch of the plaintiff's motion which was for summary judgment on the issue of the appellants' liability. We affirm the order insofar as appealed from.

The plaintiff established his prima facie entitlement to judgment as a matter of law on the issue of the appellants' liability by presenting proof that he was struck while walking within an unmarked crosswalk, that he had observed the conditions of approaching traffic before he began to cross, and that the defendant driver was negligent in failing to yield the right-of-way (*see Friedman v Rogerson*, 131 AD3d 1204 [2015]; *Garcia v Lenox Hill Florist III, Inc.*, 120 AD3d 1296, 1297 [2014]). In opposition, the appellants failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted that branch of the plaintiff's motion which was for summary judgment on the issue of the appellants' liability. Rivera, J.P., Chambers, Maltese and Barros, JJ., concur.