Yubin Ni v Milio (2021 NY Slip Op 01421)





Yubin Ni v Milio


2021 NY Slip Op 01421


Decided on March 10, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 10, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
ANGELA G. IANNACCI
PAUL WOOTEN, JJ.


2019-02101
 (Index No. 619643/17)

[*1]Yubin Ni, appellant, 
v
Joseph Michael Milio, et al., respondents.


Lipsig, Shapey, Manus & Moverman, P.C. (DiGiglio Law PLLC, Brooklyn, NY [Angela DiGiglio], of counsel), for appellant.
Votto & Albee, PLLC, Staten Island, NY (Christopher J. Albee of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (John H. Rouse, J.), dated January 7, 2019. The order denied the plaintiff's motion for summary judgment on the issue of liability and dismissing the defendants' affirmative defenses alleging comparative negligence of the plaintiff.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action to recover damages for personal injuries she allegedly sustained when the vehicle she was operating collided with a vehicle owned by the defendant Michael J. Milio and operated by the defendant Joseph Michael Milio (hereinafter the defendant driver). The plaintiff subsequently moved for summary judgment on the issue of liability and dismissing the defendants' affirmative defenses alleging her comparative negligence. In an order dated January 7, 2019, the Supreme Court denied the motion, and the plaintiff appeals.
The Supreme Court correctly determined that, in light of the deposition testimony of the defendant driver, submitted in support of the plaintiff's motion, particularly regarding the parties' relative positions in the subject intersection at the time of the collision and the point of impact of the two vehicles, the plaintiff failed to eliminate triable issues of fact as to whether the defendant driver violated Vehicle and Traffic Law §§ 1141 or 1142 and was negligent (see Calderon-Scotti v Rosenstein, 119 AD3d 722, 724). Further, with regard to that branch of the motion which was for summary judgment dismissing the defendants' affirmative defenses alleging comparative negligence, the plaintiff similarly failed to eliminate triable issues of fact as to her freedom from comparative fault in the accident (see id.; Chang-Hoon Lee v Kew Gardens Sung Shin Refm. Church of N.Y., 84 AD3d 1299, 1300). Accordingly, the court properly denied the plaintiff's motion.
RIVERA, J.P., CHAMBERS, IANNACCI and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court