Miles v Walsh (2021 NY Slip Op 04016)





Miles v Walsh


2021 NY Slip Op 04016


Decided on June 23, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 23, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
LEONARD B. AUSTIN
COLLEEN D. DUFFY
BETSY BARROS, JJ.


2019-09764
 (Index No. 615164/18)

[*1]John Miles, appellant,
v
Lester Walsh, et al., respondents.


Gruenberg Kelly Della, Ronkonkoma, NY (Zachary M. Beriloff of counsel), for appellant.
Scahill Law Group, P.C., Bethpage, NY (Keri A. Wehrheim of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Vincent J. Martorana, J.), dated August 9, 2019. The order, insofar as appealed from, denied that branch of the plaintiff's motion which was, in effect, for summary judgment dismissing the defendants' affirmative defense alleging comparative negligence on the part of the plaintiff.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff allegedly sustained personal injuries when his vehicle was struck by the defendants' vehicle. The collision took place at an intersection that was controlled by a traffic light.
The plaintiff commenced this action to recover damages for personal injuries. After issue was joined, the plaintiff moved for summary judgment on the issue of liability and, in effect, dismissing the defendants' affirmative defense alleging comparative negligence on the part of the plaintiff. In an order dated August 9, 2019, the Supreme Court, inter alia, denied that branch of the plaintiff's motion which was, in effect, for summary judgment dismissing the defendants' affirmative defense alleging comparative negligence on the part of the plaintiff. The plaintiff appeals.
"[A] driver must exercise reasonable care notwithstanding the invitation to proceed by the green light facing him [or her]" (Siegel v Sweeney, 266 AD2d 200, 201). Under the doctrine of comparative negligence (see CPLR 1411), a driver who lawfully enters an intersection with a green light "must exercise reasonable care and could still be found partially at fault for an accident if he or she fails to use reasonable care to avoid a collision with another vehicle in the intersection" (Cox v Weil, 66 AD3d 634, 634-635; see Simmons v Canady, 95 AD3d 1201, 1202).
Here, the Supreme Court properly denied that branch of the plaintiff's motion which was, in effect, for summary judgment dismissing the defendants' affirmative defense alleging comparative negligence, as the plaintiff failed to eliminate triable issues of fact as to his freedom from comparative fault in the accident (see Yubin Ni v Milio, 192 AD3d 816). Triable issues of fact [*2]exist, inter alia, as to whether the plaintiff was attentive to the conditions of the road and whether he was comparatively at fault in causing the accident (see Russo v Pearson, 148 AD3d 1762).
RIVERA, J.P., AUSTIN, DUFFY and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court