DePass v Beneduci (2022 NY Slip Op 04622)

DePass v Beneduci

2022 NY Slip Op 04622

Decided on July 20, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 20, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LINDA CHRISTOPHER
WILLIAM G. FORD
DEBORAH A. DOWLING, JJ.

2021-00678
 (Index No. 59613/18)

[*1]Hewitt G. A. DePass, respondent, 
v
Roseanne M. Beneduci, et al., appellants.

Collins Fitzpatrick & Schoene, LLP, White Plains, NY (Kevin P. Fitzpatrick of counsel), for appellants.
Baker Leshko Saline & Drapeau, LLP, New York, NY (Betsy DeSoye of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Westchester County (Janet C. Malone, J.), entered December 15, 2020. The order granted the plaintiff's motion for summary judgment on the issue of liability.
ORDERED that the order is reversed, on the law, with costs, and the plaintiff's motion for summary judgment on the issue of liability is denied.
In May 2018, the plaintiff, while operating his motorcycle on Tuckahoe Road at its intersection with Mountaindale Road in Yonkers, allegedly was injured when his motorcycle was involved in a collision with a vehicle owned by the defendant Carolyn Cesta and operated by the defendant Roseanne M. Beneduci, as the defendants' vehicle attempted to make a left turn onto Mountaindale Road.
As a result of the accident, the plaintiff commenced this action to recover damages for personal injuries against the defendants, alleging that the defendant driver violated, inter alia, Vehicle and Traffic Law § 1141. After discovery, the plaintiff moved for summary judgment on the issue of liability. The Supreme Court granted the motion, and the defendants appeal.
Pursuant to Vehicle and Traffic Law § 1141, "[t]he driver of a vehicle intending to turn to the left within an intersection . . . shall yield the right of way to any vehicle approaching from the opposite direction which is within the intersection or so close as to constitute an immediate hazard" (see Gaudio v City of New York, 189 AD3d 1546, 1548; Ming-Fai Jon v Wager, 165 AD3d 1253). A violation of this statute constitutes negligence per se (see Katikireddy v Espinal, 137 AD3d 866, 867).
The plaintiff failed to meet his prima facie burden of demonstrating entitlement to judgment as a matter of law on the issue of liability. In support of his motion, the plaintiff submitted, inter alia, the transcripts of his deposition testimony and that of the defendants. This evidence, when viewed in the light most favorable to the defendants, as the nonmoving parties, raised triable issues of fact as to whether, at the time the defendant driver initiated her turn, the [*2]plaintiff's motorcycle was "so close as to constitute an immediate hazard" (Vehicle and Traffic Law § 1141; see Gaudio v City of New York, 189 AD3d at 1548; Brodney v Picinic, 172 AD3d 673, 674; Katikireddy v Espinal, 137 AD3d at 868; cf. Shuofang Yang v Sanacore, 202 AD3d 1120, 1122).
Since the plaintiff failed to demonstrate his prima facie entitlement to judgment as a matter of law, the Supreme Court should have denied his motion for summary judgment on the issue of liability, regardless of the sufficiency of the defendants' opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
CONNOLLY, J.P., CHRISTOPHER, FORD and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court