Sanchez v Tropp (2023 NY Slip Op 04788)

Sanchez v Tropp

2023 NY Slip Op 04788

Decided on September 27, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 27, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
PAUL WOOTEN
LILLIAN WAN, JJ.

2022-02510
 (Index No. 603251/20)

[*1]Jonathan Sanchez, appellant, 
v
Maurice Tropp, respondent.

Greenberg Law P.C., New York, NY (Robert J. Menna of counsel), for appellant.
Carman Callahan & Ingham, LLP, Farmingdale, NY (Tracy S. Reifer and William A. Healy IV of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Christopher G. Quinn, J.), dated March 30, 2022. The order granted the defendant's motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident, and denied, as academic, the plaintiff's motion for summary judgment on the issue of liability and dismissing the defendant's first through fourth and eighth affirmative defenses.
ORDERED that the order is reversed, on the law, without costs or disbursements, the defendant's motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident is denied, and the plaintiff's motion for summary judgment on the issue of liability and dismissing the defendant's first through fourth and eighth affirmative defenses is denied on the merits.
The plaintiff commenced this action to recover damages for personal injuries he allegedly sustained when his vehicle collided with the defendant's vehicle at the intersection of Jericho Turnpike and Brush Hollow Road in Nassau County. The plaintiff moved for summary judgment on the issue of liability and dismissing the defendant's first through fourth and eighth affirmative defenses, which alleged, inter alia, comparative negligence, culpable conduct, and failure to state a cause of action. The defendant moved for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law [*2]§ 5102(d) as a result of the accident. In an order dated March 30, 2022, the Supreme Court granted the defendant's motion and denied the plaintiff's motion as academic. The plaintiff appeals.
The defendant met his prima facie burden of demonstrating that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957). The defendant demonstrated, prima facie, that the plaintiff did not sustain a serious injury under the permanent loss of use or significant limitation of use categories of Insurance Law § 5102(d) (see Staff v Yshua, 59 AD3d 614). In opposition, however, the plaintiff raised a triable issue of fact as to whether he sustained serious injuries to the cervical and lumbar regions of his spine under the significant limitation of use category of Insurance Law § 5102(d) (see Perl v Meher, 18 NY3d 208). Accordingly, the Supreme Court should have denied the defendant's motion for summary judgment dismissing the complaint.
The Supreme Court denied, as academic, the plaintiff's motion for summary judgment on the issue of the liability and dismissing the defendant's first through fourth and eighth affirmative defenses. Since the merits of the motion were litigated by the parties in the Supreme Court and briefed by the parties in this Court, we address the motion in the interest of judicial economy (see Bonafede v Bonito, 145 AD3d 842, 843-844).
"A plaintiff in a negligence action moving for summary judgment on the issue of liability must establish, prima facie, that the defendant breached a duty owed to the plaintiff and that the defendant's negligence was a proximate cause of the alleged injuries" (Tsyganash v Auto Mall Fleet Mgt., Inc., 163 AD3d 1033, 1033-1034). "[A] violation of a standard of care imposed by the Vehicle and Traffic Law constitutes negligence per se" (E.B. v Gonzalez, 208 AD3d 618, 619 [internal quotation marks omitted]).
Vehicle and Traffic Law § 1111(a)(1) provides that traffic "facing a steady circular green signal may proceed straight through" but "shall yield the right of way to other traffic lawfully within the intersection." Vehicle and Traffic Law § 1141 provides that "[t]he driver of a vehicle intending to turn to the left within an intersection . . . shall yield the right of way to any vehicle approaching from the opposite direction which is within the intersection or so close as to constitute an immediate hazard."
Here, the plaintiff failed to meet his prima facie burden of demonstrating his entitlement to judgment as a matter of law on the issue of liability. In support of his motion, the plaintiff submitted, inter alia, the transcripts of his deposition testimony and that of the defendant. This evidence, when viewed in the light most favorable to the defendant, as the nonmoving party, failed to eliminate triable issues of fact as to whether the defendant entered the intersection pursuant to a green light while the plaintiff was stopped facing a red light, and whether the plaintiff was thus required, pursuant to Vehicle and Traffic Law § 1111(a)(1), to yield the right-of-way to the defendant prior to entering the intersection when the red light turned green (see DePass v Beneduci, 207 AD3d 620, 621; Yubin Ni v Milio, 192 AD3d 816, 817; Calderon-Scotti v Rosenstein, 119 AD3d 722, 724). Furthermore, the plaintiff similarly failed to eliminate triable issues of fact with respect to that branch of his motion which was for summary judgment dismissing the defendant's first through fourth and eighth affirmative defenses (see Yubin Ni v Milio, 192 AD3d at 817). Accordingly, the Supreme Court should have denied the plaintiff's motion for summary judgment on the merits.
In light of our determination, we need not reach the parties' remaining contentions.
DUFFY, J.P., MILLER, WOOTEN and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court