Saviano v TT of Massapequa, Inc. (2024 NY Slip Op 00333)

Saviano v TT of Massapequa, Inc.

2024 NY Slip Op 00333

Decided on January 24, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 24, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
WILLIAM G. FORD
BARRY E. WARHIT
LAURENCE L. LOVE, JJ.

2022-05030
 (Index No. 713223/20)

[*1]Crescenzo Saviano, plaintiff-respondent, 
v
TT of Massapequa, Inc., et al., defendants-respondents, Restani Construction Corp., et al., appellants.

Eric D. Feldman, Melville, NY (David R. Holland of counsel), for appellants.
Scott F. Guardino, PLLC, Garden City, NY, for plaintiff-respondent.
Keith J. Conway, Melville, NY (Paul Loumeau of counsel), for defendant-respondent TT of Massapequa, Inc.
Ahumty, Demers & McManus, Albertson, NY (Glenn A. Kaminska and Timothy J. Layer of counsel), for defendant-respondent Daniel C. Schwartz.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants Restani Construction Corp. and Michele Petulla appeal from an order of the Supreme Court, Queens County (Denis J. Butler, J.), entered June 21, 2022. The order denied those defendants' motion for summary judgment dismissing the complaint and all cross-claims insofar as asserted against them.
ORDERED that the order is affirmed, with one bill of costs.
The plaintiff commenced this action to recover damages for personal injuries he allegedly sustained when a vehicle in which he was a passenger, operated by the defendant Michele Petulla and owned by the defendant Restani Construction Corp. (hereinafter together the Restani defendants), collided at an intersection with a vehicle operated by the defendant Daniel C. Schwartz and owned by the defendant TT of Massapequa, Inc. The Restani defendants moved for summary judgment dismissing the complaint and all cross-claims insofar as asserted against them, contending that Schwartz was negligent in failing to yield the right-of-way, in violation of Vehicle and Traffic Law §§ 1141 and 1163. In an order entered June 21, 2022, the Supreme Court denied the motion, and the Restani defendants appeal.
"There can be more than one proximate cause of an accident, and [g]enerally, it is for the trier of fact to determine the issue of proximate cause" (Richardson v Cablevision Sys. Corp., 173 AD3d 1083, 1084 [citations and internal quotations marks omitted]; see M.M.T. v Relyea, 177 AD3d 1013). Therefore, "[a] defendant moving for summary judgment in a negligence action has the burden of establishing, prima facie, that he or she was not at fault in the happening of the subject accident" (Boulos v Lerner-Harrington, 124 AD3d 709, 709).
"[A] violation of a standard of care imposed by the Vehicle and Traffic Law constitutes negligence per se" (Barbieri v Vokoun, 72 AD3d 853, 856; see Pena v Spade, 145 AD3d 791, 792). Vehicle and Traffic Law § 1141 provides that "[t]he driver of a vehicle intending to turn to the left within an intersection . . . shall yield the right of way to any vehicle approaching from the opposite direction which is within the intersection or so close as to constitute an immediate hazard" (see DePass v Beneduci, 207 AD3d 620, 621). Further, Vehicle and Traffic Law § 1163(a) provides that "[n]o person shall turn a vehicle at an intersection . . . until such movement can be made with reasonable safety" (see Seizeme v Levy, 208 AD3d 809, 810). "The operator of a vehicle with the right-of-way is entitled to assume that others will obey the traffic laws requiring them to yield, but a driver traveling with the right-of-way may nevertheless be found to have contributed to the happening of the accident if he or she did not use reasonable care to avoid the accident" (Kirby v Lett, 208 AD3d 1174, 1175 [citations and internal quotation marks omitted]).
Here, the Restani defendants' submissions, which included the deposition testimony of Petulla and Schwartz, provided conflicting evidence as to the facts surrounding the accident and, therefore, failed to establish the Restani defendants' prima facie entitlement to judgment as a matter of law (see Schmitz v Pinto, 220 AD3d 681, 682). Petulla testified at his deposition that Schwartz's vehicle made a sudden left turn after Petulla's vehicle had already entered the intersection. In contrast, Schwartz testified at his deposition that he began his turn when Petulla's vehicle was approximately 50 to 60 yards away from the intersection, and that Schwartz had substantially completed the turn at the time of impact. In addition, Schwartz testified that Petulla accelerated his vehicle dramatically as he approached the intersection. Thus, the evidence submitted by the Restani defendants failed to eliminate triable issues of fact as to whether, at the time Schwartz initiated his turn, the Restani defendants' vehicle was "so close as to constitute an immediate hazard" (Vehicle and Traffic Law § 1141; see DePass v Beneduci, 207 AD3d at 621), whether such turn could be made "with reasonable safety" (Vehicle and Traffic Law § 1163[a]), and whether Petulla took reasonable care to avoid the collision (see Tornabene v Seickel, 186 AD3d 645, 647).
Accordingly, since the Restani defendants failed to establish their prima facie entitlement to judgment as a matter of law, the Supreme Court properly denied their motion for summary judgment dismissing the complaint and all cross-claims insofar as asserted against them, regardless of the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
DUFFY, J.P., FORD, WARHIT and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court