Lu Yan Li v Yong Hua Zhen (2024 NY Slip Op 05969)

Lu Yan Li v Yong Hua Zhen

2024 NY Slip Op 05969

Decided on November 27, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 27, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
DEBORAH A. DOWLING
JANICE A. TAYLOR, JJ.

2023-10861
 (Index No. 521152/21)

[*1]Lu Yan Li, appellant, 
v
Yong Hua Zhen, respondent.

Michael A. Cervini (Diamond and Diamond LLC, Brooklyn, NY [Stuart Diamond], of counsel), for appellant.
Hannum Feretic Prendergast & Merlino, LLC, New York, NY (Marla Miller Ostrover and Paul Golden of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Katherine A. Levine, J.), dated September 6, 2023. The order denied the plaintiff's motion for summary judgment on the issue of liability and dismissing so much of the defendant's first affirmative defense as alleged culpable conduct and comparative negligence.
ORDERED that the order is modified, on the law, by deleting the provision thereof denying that branch of the plaintiff's motion which was for summary judgment on the issue of liability, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.
The plaintiff commenced this action against the defendant to recover damages for personal injuries that she alleged she sustained when the defendant's vehicle ran over her right foot as she attempted to cross a street. The plaintiff moved for summary judgment on the issue of liability and dismissing so much of the defendant's first affirmative defense as alleged culpable conduct and comparative negligence. The defendant opposed the motion. In an order dated September 6, 2023, the Supreme Court denied the plaintiff's motion. The plaintiff appeals.
"A plaintiff in a negligence action moving for summary judgment on the issue of liability must establish, prima facie, that the defendant breached a duty owed to the plaintiff and that the defendant's negligence was a proximate cause of the alleged injuries" (Tsyganash v Auto Mall Fleet Mgt., Inc., 163 AD3d 1033, 1033-1034; see Rodriguez v City of New York, 31 NY3d 312). "To be entitled to partial summary judgment a plaintiff does not bear the . . . burden of establishing . . . the absence of his or her own comparative fault" (Rodriguez v City of New York, 31 NY3d at 324-325; see Hartell v Shaukat, 227 AD3d 963, 964). Nonetheless, the issue of a plaintiff's comparative negligence may be decided in the context of a summary judgment motion where, as here, the plaintiff moved for summary judgment dismissing the defendant's affirmative defense of comparative negligence (see Hai Ying Xiao v Martinez, 185 AD3d 1014, 1014-1015; Wray v Galella, 172 AD3d 1446, 1447).
Here, contrary to the Supreme Court's determination, the plaintiff established her [*2]prima facie entitlement to judgment as a matter of law on the issue of liability through the submission of, inter alia, her affidavit, which demonstrated that she was struck by the defendant's vehicle while walking within an unmarked crosswalk, that she had observed the conditions of approaching traffic before she began to cross, and that the defendant was negligent in failing to yield the right-of-way to the plaintiff when she was approximately three quarters of the way across the street (see Gandarillas v EAN Holdings, LLC, 152 AD3d 571, 572; Friedman v Rogerson, 131 AD3d 1204, 1204-1205). In opposition, the defendant, who did not submit his own affidavit or an affidavit from a person with personal knowledge of the facts, failed to raise a triable issue of fact (see Maliakel v Morio, 185 AD3d 1018, 1019).
The plaintiff, however, failed to establish her prima facie entitlement to judgment as a matter of law dismissing so much of the defendant's first affirmative defense as alleged culpable conduct and comparative negligence (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853). The plaintiff's submissions failed to provide sufficient details to demonstrate, prima facie, that she was not comparatively at fault in causing the accident and that the defendant's negligence was the sole proximate cause of the accident (see Karim v Proline Rental, LLC, 222 AD3d 851, 853; Andrade-Fuentes v Iglesia Cristiana Valle De Jesus, Inc., 219 AD3d 1286, 1288; Miles v Walsh, 195 AD3d 924, 925).
The parties' remaining contentions are either not properly before this Court or without merit.
DUFFY, J.P., MILLER, DOWLING and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court