Peels v Elsayed (2025 NY Slip Op 04581)

Peels v Elsayed

2025 NY Slip Op 04581

Decided on August 6, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 6, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
JANICE A. TAYLOR
PHILLIP HOM, JJ.

2024-10933
 (Index No. 713184/22)

[*1]Jorrell I. Peels, appellant, 
v
Elsaid M. Elsayed, et al., respondents.

Gary E. Rosenberg, P.C., Fresh Meadows, NY, for appellant.
Gordon Rees Scully Mansukhani, LLP, New York, NY (Amanda N. Aimone of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Frederick D.R. Sampson, J.), dated September 10, 2024. The order denied the plaintiff's motion for summary judgment on the issue of liability.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action against the defendants to recover damages for personal injuries that he allegedly sustained when a motorcycle he was operating collided with a vehicle operated by the defendant Elsaid M. Elsayed (hereinafter the defendant driver) and owned by the defendant Alliance Auto Finance, Inc. Prior to the accident, the plaintiff's motorcycle was traveling eastbound, and the defendants' vehicle was traveling westbound. The collision occurred when the defendants' vehicle attempted to make a left turn at an intersection. The plaintiff moved for summary judgment on the issue of liability. In an order dated September 10, 2024, the Supreme Court denied the motion. The plaintiff appeals.
"A plaintiff in a negligence action moving for summary judgment on the issue of liability must establish, prima facie, that the defendant breached a duty owed to the plaintiff and that the defendant's negligence was a proximate cause of the alleged injuries" (Sapienza v Harrison, 191 AD3d 1028, 1029 [internal quotation marks omitted]). Vehicle and Traffic Law § 1141 provides that "[t]he driver of a vehicle intending to turn to the left within an intersection . . . shall yield the right of way to any vehicle approaching from the opposite direction which is within the intersection or so close as to constitute an immediate hazard" (see Katikireddy v Espinal, 137 AD3d 866, 867). A violation of this statute constitutes negligence per se (see DePass v Beneduci, 207 AD3d 620, 621; Brodney v Picinic, 172 AD3d 673, 674).
Here, the plaintiff established his prima facie entitlement to judgment as a matter of law on the issue of liability by demonstrating that the defendant driver was negligent in making a left turn directly into the path of the plaintiff's oncoming motorcycle without yielding the right-of-way to the plaintiff, in violation of Vehicle and Traffic Law § 1141 (see Amancio-Gonzalez v Medina, 223 AD3d 861, 862; Brodney v Picinic, 172 AD3d at 674). In opposition, however, the defendants raised a triable issue of fact as to whether the defendant driver was negligent in the happening of the [*2]accident through the submission of an affidavit from the defendant driver. The defendant driver averred that as he approached the intersection, he waited until all oncoming vehicles had passed before beginning to turn and, as he was turning, he noticed the plaintiff's motorcycle suddenly accelerate towards his vehicle. The foregoing was sufficient to raise a triable issue of fact as to whether the defendant driver violated Vehicle and Traffic Law § 1141 (see Amancio-Gonzalez v Medina, 223 AD3d at 862; Brodney v Picinic, 172 AD3d at 674).
Accordingly, the Supreme Court properly denied the plaintiff's motion for summary judgment on the issue of liability.
DUFFY, J.P., MILLER, TAYLOR and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court